IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LYNN REID, | No. 2:22-CV-1736-DMC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

        Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, ECF Nos. 7 and 12, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c); see also ECF No. 13 (minute order reassigning case to Magistrate Judge). Pending before the Court are the parties' briefs on the merits, ECF Nos. 16 and 17.

        The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

Step 1   Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2   If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3   If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

///

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

///
///
///
///

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on July 31, 2017.  See CAR 17.[1]  In the application, Plaintiff claims disability began on April 9, 2017.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on October 19, 2018, before Administrative Law Judge (ALJ) Matilda Surh.  In a February 11, 2019, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): degenerative disc disease of the lumbar and cervical spine; and bilateral carpel tunnel syndrome;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the residual functional capacity to perform light work with some restrictions, including a limitation to only occasional overhead reaching bilaterally;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant is capable of performing her past relevant work as a case manager.

See id. at 19-26.

Plaintiff filed a prior action for judicial review of this decision on May 26, 2020.  See Reid v. Commissioner, 1:20-cv-0732-GSA (Reid I).  The parties agreed to a voluntary remand and judgment in the prior action was entered on May 10, 2021.  See ECF No. 25 in Reid I.  On October 26, 2021, the Appeals Council vacated the prior administrative decision and referred the case to an ALJ for another hearing and decision.  See CAR 1410-12.  Specifically, the Appeals Council directed: "Further, before relying on the vocational expert evidence the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p)."  Id. at

---

[1] Citations are to the Certified Administrative Record (CAR) lodged on January 3, 2023, ECF No. 5.

4

1412.

A second administrative hearing was held on June 7, 2022, before ALJ Matilda Surh. See CAR 1319. In an August 3, 2022, decision, the ALJ again concluded Plaintiff is not disabled. See id. at 1319-41. The ALJ found as follows:

1. The claimant has the following severe impairment(s): degenerative disc disease of the lumbar and cervical spine; and bilateral carpel tunnel syndrome;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the residual functional capacity to perform light work with some restrictions, including a limitation to only occasional overhead reaching bilaterally;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant is capable of performing her past relevant work as a vocational teacher.

See id.

After the Appeals Council declined review, this appeal followed.

### III. DISCUSSION

In her opening brief, Plaintiff argues that the ALJ erred at Step 5 by failing to reconcile conflicts between the vocational expert's testimony and the definitions contained within the Dictionary of Occupational Titles (DOT).

At Step 5, the Medical-Vocational Guidelines (Grids) provide a uniform conclusion about disability for various combinations of age, education, previous work experience, and residual functional capacity. The Grids allow the Commissioner to streamline the administrative process and encourage uniform treatment of claims based on the number of jobs in the national economy for any given category of residual functioning capacity. See Heckler v. Campbell, 461 U.S. 458, 460-62 (1983) (discussing creation and purpose of the Grids).

/ / /

/ / /

The Commissioner may apply the Grids in lieu of taking the testimony of a vocational expert only when the Grids accurately and completely describe the claimant's abilities and limitations.  See Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983).  Thus, the Commissioner generally may not rely on the Grids if a claimant suffers from non-exertional limitations because the Grids are based on exertional strength factors only.[2]  See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(b). "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have non-exertional . . . limitations that are not covered by the Grids."  Penny v. Sulliacvan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(d), (e)).  The Commissioner may, however, rely on the Grids even when a claimant has combined exertional and non-exertional limitations, if non-exertional limitations do not impact the claimant's exertional capabilities.  See Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988).

In cases where the Grids are not fully applicable, the ALJ may meet his burden under step five of the sequential analysis by propounding to a vocational expert hypothetical questions based on medical assumptions, supported by substantial evidence, that reflect all the plaintiff's limitations.  See Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995).  Specifically, where the Medical-Vocational Guidelines are inapplicable because the plaintiff has sufficient non-exertional limitations, the ALJ is required to obtain vocational expert testimony.  See

---

[2] Exertional capabilities are the primary strength activities of sitting, standing, walking, lifting, carrying, pushing, or pulling and are generally defined in terms of ability to perform sedentary, light, medium, heavy, or very heavy work.  See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(a).  "Sedentary work" involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  See 20 C.F.R. §§ 404.1567(a) and 416.967(a).  "Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  See 20 C.F.R. §§ 404.1567(b) and 416.967(b).  "Medium work" involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  See 20 C.F.R. §§ 404.1567(c) and 416.967(c).  "Heavy work" involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.  See 20 C.F.R. §§ 404.1567(d) and 416.967(d).  "Very heavy work" involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more.  See 20 C.F.R. §§ 404.1567(e) and 416.967(e).  Non-exertional activities include mental, sensory, postural, manipulative, and environmental matters which do not directly affect the primary strength activities.  See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(e).

1   Burkhart v. Bowen, 587 F.2d 1335, 1341 (9th Cir. 1988).

2   Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value. See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). While the ALJ may pose to the expert a range of hypothetical questions based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole. See Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

   For Social Security benefits hearings, the DOT is the default presumption for disability classifications. Massachi v. Astrue (9th Cir. 2007) 486 F.3d 1149, 1150. At Step 5, the ALJ has an affirmative responsibility to ask about any possible conflict between vocational expert evidence and information provided in the DOT. Id. The ALJ may, however, rebut the presumption of applicability of the DOT when expert testimony exists that is supported by persuasive evidence contradicting the DOT. See Murry v. Apfel, 1999 U.S. App. LEXIS 28911, 1, 9 (9th Cir. 1999) (holding that the Administrative Law Judge is not bound by the DOT descriptions but can instead rely on the testimony of the vocational expert and own findings specific to the individual plaintiff before the Administrative Law Judge); see also Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999) (holding that the ALJ can rely on vocational expert's testimony as to (1) the jobs a claimant can work in given the limitations and residual functional capacity and (2) the availability of these jobs on a national scale); see also Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995) (concluding that vocational experts have the authority to testify whether a particular plaintiff would be able to perform specific jobs within DOT sub-categories); Distasio v. Shalala, 47 F.3d 348, 350 (9th Cir. 1995); see also Barker v. Secretary of Health and Human Svcs., 882 F.2d 1474, 1478 n.1 (9th Cir. 1989) (holding that a plaintiff restricted to sedentary work is not automatically barred from performing all "light" jobs when plaintiff was still capable of performing a subcategory of "light" jobs); see also Terry v. Sullivan,

903 F.2d 1273, 1277 (9th Cir. 1990).

In this case, based on Plaintiff's residual functional capacity which allowed for only occasional overhead reaching bilaterally, as well as testimony from a vocational expert, the ALJ concluded at Step 5 that Plaintiff can perform her past relevant work as a vocational teacher. See CAR 1341. The ALJ stated:

> The claimant's past relevant work includes a position as a vocational teacher, DOT #097.221-010, light, skilled work with an SVP of 7, performed by the claimant at a medium exertional level and disability aide, DOT #355.377-018, medium, skilled work. As required by SSR 82-62, this work was substantial gainful activity, was performed long enough for the claimant to achieve average performance and was performed within the relevant period. The vocational expert testified that a hypothetical individual of the claimant's age, education, work background, and residual functional capacity could return to the position of vocational teacher as performed in the national economy. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as performed in the national economy.

CAR 1341.

Plaintiff argues that the ALJ erred in this case because, first, there is a conflict between the finding that Plaintiff can only occasionally reach overhead bilaterally and the DOT's definition of the position "Instructor, Vocational Training," which requires frequent reaching and, second, the ALJ failed to ask the vocational expert about this conflict. See ECF No. 16, pgs. 7-11. The Commissioner concedes that the ALJ did not ask the vocational expert whether her testimony was consistent with the DOT. See ECF No. 17, pg. 9. According to the Commissioner:

> . . .But there was no harmful error because there was no apparent or obvious conflict between the VE's testimony that Plaintiff could return to work as an instructor (doing outreach) and the DOT's description of the job.

Id.

The DOT describes the position of "Instructor, Vocational Training" as follows:

> Teaches vocational training subjects to students in public or private schools or in industrial plants: Organizes program of practical and technical instruction, including demonstrations of skills required in trade, and lectures on theory, techniques, and terminology. Instructs students in subject areas, such as mathematics, science, drawing, use and maintenance

8

>of tools and equipment, codes or regulations related to trade, and safety precautions. Plans and supervises work of students, individually or in small groups, in shop or laboratory. Tests and evaluates achievement of student in technical knowledge and trade skills. May be identified according to trade or theory taught or type of establishment in which training is conducted, such as plumbing, electronics, or dental assistance. May place students in job training. May teach students with disabilities. May be required to have certification from state.

DOT #097.221-010, 1991 WL 646924.

Citing this DOT entry, Plaintiff contends that the DOT requirements include frequent reaching. See ECF No. 16, pg. 7. The Court does not agree. The DOT definition of the job of "Instructor, Vocational Training" does not include any reaching requirements. The cases cited by Plaintiff are distinguishable. For example, Plaintiff cites Gutierrez v. Colvin, 844 F.3d 804, 807-09 (9th Cir. 2016), which discussed whether a limitation to no overhead reaching conflicts with the DOT definition of the job of cashier which requires frequent reaching. This case is distinguishable in that the DOT definition of cashier specifically requires frequent reaching whereas the DOT definition at issue here contains no specific mention of reaching. Plaintiff also cites this Court's decision in Lor v. Commissioner, 2:15-cv-0548-DMC, 2019 WL 1060049 (E.D. Cal. 2019), in which the vocational expert testified that the claimant could perform three jobs, all of which specifically require reaching per the DOT. See ECF No. 16, pg. 10. This case is likewise distinguishable in that the DOT definitions at issue all specifically require reaching but the DOT definition for "Instructor, Vocational Training" does not. Quite simply, the ALJ's duty in this case to inquire as to conflicts between the vocational expert's testimony and the DOT definition was never triggered because there is no apparent conflict.

///
///
///
///
///
///
///

### IV.  CONCLUSION

Based on the foregoing, the Court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for summary judgment, ECF No. 16, is denied;

    2.    Defendant's motion for summary judgment, ECF No. 18, is granted;

    3.    The Commissioner's final decision is affirmed; and

    4.    The Clerk of the Court is directed to enter judgment and close this file.

Dated:  December 4, 2023



DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE